# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM ANTHONY, PBA MARTIAL ARTS, INC., KATIE BAKER, WILLIAM BAKER, S&RW LEGACY, LLC, MORGAN BARTH, ECM HOLDINGS, LLC, CALE BEARDEN, AIMEE BEARDEN, BEARDEN PMA ONE, LLC, BEARDEN PMA TWO, LLC, BEARDEN INVESTMENT GROUP, INC., ED BENTLEY, BENTLEY & SON, INC., DAVID BLACKWELL, EMMA BLACKWELL, BLACKWELL FITNESS, INC., CLAY BRIAN, MEGAN BRIAN, RAINBOWS AND BUTTERFLIES, INC., MEREDITH BROWN, MATTHEW BROWN, MMBROWN ENTERPRISES, LLC, PRAVIN CHOUGULE, MARTIAL ARTS OF STEELE CREEK LLC, ASHLEY COSTOLNICK, JON COSTOLNICK, JAC CONSULTING GROUP, LLC, KARLY DOBLE, ANTHONY DOBLE, F5 PARTNERS, LLC, JOSEPH FEICHT, ROBIN FEICHT, JRFEICHT, INC., DAN FRAHM, DARCI FRAHM, DDF VENTURES, LLC, DDF VENTURES 2, LLC, DDF VENTURES 3, LLC, BONNIE FRASER, TYCHE FORTUNA, LLC, MATTHEW GLASS, PMA DEVELOPMENT NJ, LLC, BRIAN GRIFFITH, TOURAJ TABATABAI, ANCIENT OCEAN, LLC, KELLI HERMAN, WILLIAM JOHNSON, HERMAN JOHNSON, LLC, SCOTT HOLLAND, JENNIFER HOLLAND, OFF THE RAIL INVESTMENTS, LLC, SAN MARCO MARTIAL ARTS, LLC, DANIEL HOLLINGSWORTH, CHRYSTAL HOLLINGSWORTH, DCHOLLINGSWORTH ENTERPRISES, INC., KICKEN CHICKEN, LLC, DALE HOUSE, FORTIS ANIMUS BROKEN ARROW, LLC, LISA MARIE IVEY, MARTIAL ARTS MOGULS CORPORATION, RENNIE KAUSHAL, MATTHEW KAUSHAL, MELROSE | Case No. 1:24-cv-10421<br><br>(Arising out of an action pending in the Eastern District of Tennessee, Case No. 3:22-cv-00416) |

**FRANCHISE PARTNERS, LLC, PMA** )
**OLATHE STATION, LLC, PMA LEE'S** )
**SUMMIT, LLC, ELIZABETH** )
**KETTLEWELL, MYSTRENGTHKC, LLC,** )
**JASON KEY, ALLISON KEY, KEY** )
**INGREDIENTS, INC., VERONICA** )
**KORMOS, NICHOLAS KORMOS,** )
**NKORMOS INC., JACOB KULHANEK,** )
**CANDACE KULHANEK, LAKESHORE** )
**PMA, LLC, OKEMOS PMA, LLC, MEGAN** )
**LARSON, MOREA STUDIO ALPHA, LLC,** )
**MOREA HOLDINGS, LLC, ERIS LASKU,** )
**PMA OF UPTOWN INC., PMA OF SAN** )
**ANTONIO, LLC, MORRIS LIFSCHUTZ,** )
**MOSAH VENTURES, INC., PATRICK** )
**LOBB, ART VANDALAY KARATE, INC.,** )
**MICAH LOGAN, RYAN LOGAN,** )
**PREMIER ARTS LLC, KOWSILLIYA** )
**LOOMIS, GLENN LOOMIS, RAINY DAY** )
**VENTURES, LLC, JASON MCMAHON,** )
**THERESA SELIGMAN, CADENCIA** )
**ENTERPRISES, LLC, SEAN MCNALLY,** )
**BOSTON BLACK BELT CORP., MAGGIE** )
**MOORHOUSE, JAMIE MOORHOUSE,** )
**SAN DIEGO MARTIAL ARTS LLC,** )
**VRAJESH PATEL, SHEFALI PATEL, S&A** )
**MARTIAL ARTS, PETER PENDERGAST,** )
**EVERYTHING PENDY, LLC,** )
**ERICPETROSEVICH, STACEY** )
**PETROSEVICH, SEQIL, INC., JOSHUA** )
**RAGLAND, KIMBERLY RAGLAND,** )
**EIGHTY ONE THIRTEEN, LLC, JOSEPH** )
**RHOTON, JENNIFER RHOTON,** )
**RHOGENICS, INC., MICHELLE** )
**RICHWINE, DAN RICHWINE, BRIAN** )
**BAUMGARTNER, MDB MARTIAL ARTS,** )
**INC., RICHARD SCOTT RUBANT, ERIKA** )
**ESTES RUBANT, MAKING A DIFFERENCE** )
**IN LIVES, LLC,** )
**PETER SILBERMAN, MICHELLE** )
**SILBERMAN, MCSILBERMAN CORP,** )
**LLC, SCOTT STEELE, REBECCA** )
**STEELE, COBRA STEELE, INC., SHANE** )
**TAYLOR, BCV INC., BRENT THIBEAUX,** )
**MELISSA THIBEAUX, BMT** )
**ENTERPRISES, INC., MERIN THOLATH,** )

2

| | |
|---|---|
| JOSEPH THOLATH, MERJO VENTURES INC., BILLIE TORRENT, JASON TORRENT, COMPOUND ENTERPRISES, INC., JULIAN TROTMAN, JT FRANCHISE TRUMBULL, LLC, SRIDHAR VADLAMUDI, SWAPNA SURAPANENI, 4SV MARTIAL ARTS-FAIRVIEW, LLC, CHERYL WALTERS, BENJAMIN WALTERS, LEELYNE, LLC, BRIAN WATERMAN, JANELLE WATERMAN, H20 STUDIOS, INC., KERRI WATTS, JAMES WATTS, CMW LEGACY, LLC, JASON YEN, ANQI WANG, AND NORA, LLC, Plaintiffs, v. BARRY VAN OVER, MYLES BAKER, BRENT SEEBOHM, PREMIER FRANCHISING GROUP, LLC D/B/A PREMIER MARTIAL ARTS, FRANCHISE FASTLANE, LLC, UNLEASHED BRANDS, LLC, AND KIMBERLEY DALY, Defendants. PETE GILFILLAN, **Respondent in Discovery.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MOTION OF NON-PARTY TO QUASH THIRD-PARTY SUBPOENA

NOW COMES the Respondent in Discovery herein, Pete Gilfillan, through his attorneys, Valentine Austricao & Bueschel, P.C., moving for an Order to Quash Subpoena issued by Plaintiffs, pursuant to FRCP 45(c)(3)(A)(iv) and states in support:

## INTRODUCTION

Peter Gilfillan, an Illinois resident, respectfully requests that this Court quash the third-party subpoena served by Plaintiffs' counsel in the captioned matter, a Tennessee federal action that is stayed and closed pending arbitration. Indeed, the captioned Tennessee federal court issued an order compelling Plaintiffs to arbitrate their claims against Defendants and then stayed

3

and closed that case pending arbitration. Although the arbitrator determined that a singular issue may exist outside the arbitration, the Arbitrator suggested that the federal court may want to wait to open the case again after conclusion of the arbitration, and *the Tennessee federal court has kept the case closed*.

Plaintiffs' counsel is well aware that the Tennessee federal court has not reopened the case and that no Rule 26 or Rule 16 conference has occurred regarding discovery in that matter. Nevertheless, Plaintiffs issued a broad subpoena to third-party Gilfillan demanding his deposition and production of broad swaths of documents. Plaintiffs do so without any factual basis or showing that (i) Gilfillan possesses any information relevant to the narrow claims that may someday be returned to the federal court, or (ii) Plaintiffs cannot obtain the requested documents and information more readily from the parties in the case. For these reasons, Gilfillan respectfully requests that this Court quash the Subpoena, pursuant to Federal Rule of Civil Procedure 45(d)(1) and (3).

## BACKGROUND

The federal court case of *Anthony v. Van Over*, case number 3:22-cv-00416 (the "Tennessee Case") in the United States District Court for the Eastern District of Tennessee arises from various plaintiff franchisees who claim they have been unsuccessful in their Premier Martial Arts ("PMA") franchises because they were defrauded and induced by the defendant franchisor, its owner, its selling agent Defendant Fastlane, and its employees to become franchisees.[1] In the Tennessee Case, Plaintiffs filed a 905-paragraph, 190-page First-Amended Complaint on December 16, 2022, alleging fifteen counts against seven defendants. (Tenn.

---

[1] Plaintiffs also sued Kimberley Daly, a franchise consultant who was not employed by any of the other Defendants but acted as an independent consultant to a handful of the Plaintiffs. The federal court dismissed Daly from this suit at the Motion-to-Dismiss phase. (Tenn. ECF 175.) *Anthony v. Van Over*, No. 3:22-cv-416, 2023 WL 6317685 (E.D. Tenn. 2023).

4

ECF 60[2] (the "Amended Complaint,") attached as Exhibit A to accompanying Declaration of Sonia Miller-Van Oort (the "SMV Decl."))[3]

### A. The Amended Complaint does not allege involvement by Gilfillan.

Gilfillan is not a defendant in the Tennessee Case. (*See* accompanying Declaration of Pete Gilfillan (the "Gilfillan Decl."), at ¶5.) Gilfillan is not an employee of any of the Defendants identified in this matter and has never been one. (*Id.* at ¶7.) He is also not a party to any of the Franchise Agreements or Area Development Agreements referenced in the Amended Complaint or the Orders issued in the underlying Tennessee matter. (*Id.*)

Plaintiffs do not allege that Gilfillan participated in the alleged "scheme" or that he had any particular relationship with any of Defendants. (*See generally*, Am. Compl.) Plaintiffs do not allege that Gilfillan made any specific "misrepresentations." (*Id.*) The only reference to Gilfillan in the entire Amended Complaint is the following passing reference in Paragraph 513:

> 513. The misrepresentations to the Loomises began in April 2021 in conversations with Pete Gilfilan (sic.). The Loomises attended a PMA Unit Economics Webinar on April 15, 2021, a territory Review with Seebohm on April 19, 2022, a Confirmation Day Prep Video Call with Seebohm on June 2, 2022, and Discovery Day on June 15 and 16, 2021.

(*Id.* at ¶ 513.) Gilfillan did interact with the Loomis Plaintiffs/Claimants as an independent franchise consultant unaffiliated with any of Defendants in the Tennessee case. (Gilfillan Decl. at ¶6.)

---

[2] In this filing, citations to the record in the Tennessee Case are identified by ECF number with "Tenn. ECF," and that docket is referred to as "Tenn. Docket."

[3] The Amended Complaint includes dozens of Plaintiffs in its caption, but many of those Plaintiffs have dismissed their claims. (Tenn. ECF 60 at 1.)

5

### B. The Tennessee federal case is stayed and closed.

On September 27, 2023, Judge Atchley granted Defendants' motion to compel arbitration. (Tenn. ECF 176.) *Anthony v. Van Over*, No. 3:22-cv-416, 2023 WL 6317685 (E.D. Tenn. Sept. 27, 2023). As part of this decision, Judge Atchley ordered that the Tennessee Case be stayed until *the conclusion* of arbitration:

> The Court STAYS this action pending the *conclusion* of arbitration. Within fourteen (14) days of the *conclusion* of arbitration, the parties SHALL NOTIFY the Court of the outcome of the proceedings.

*Id.* at *8 (emphasis in italics added). The Court then administratively closed the Tennessee Case. (Tenn. Docket, SMV Decl., Ex. B, at ECF 176). As of the filing of this Motion, the Arbitration has not concluded, and the Tennessee Case remains stayed and administratively closed. (*See* Tenn. Docket.)

And although the parties to the Tennessee Case have added over sixty filings since the order to compel arbitration, including seven substantive motions, the Tennessee federal court has not lifted the stay, reopened the Tennessee Case, or made anything other than administrative additions to the docket in the Tennessee Case. (*See id.*)

### C. The Arbitration further narrowed any potential issues and remains ongoing.

On July 15, 2024, an arbitrator issued an order regarding arbitrability of claims by the Loomis Claimants/Plaintiffs (Glenn Loomis, Kowsilliya Loomis, and Rainy Day Ventures, LLC), finding all but a narrow set of claims subject to arbitration. (Tenn. ECF 214-1 (the "Loomis Arbitrability Order"), SMV Decl., Ex. C.) Specifically, the arbitrator ordered that all claims against all six defendants arising out of the core franchise documents, including the actual Franchise Agreement and amendments thereto, will be resolved in arbitration. (*Id.* at 12.) The arbitrator ordered that only those claims arising out of an Area Development Agreement should be sent back to court. (*Id.* at 12–13.) However, the arbitrator explicitly noted that the Loomis

6

Arbitrability Order is preliminary and that it may be advisable for the Tennessee court to continue to stay the Tennessee Case pending completion of the arbitration. (*Id.* at 13 n.5.)

Multiple parties notified the Tennessee court of the Loomis Arbitrability Order, and the Tennessee Case remains stayed and closed. (*See* Tenn. Docket, ECF 214, 217.) At least according to the notices filed in the Tennessee Case, there is no indication that the Loomis arbitration has concluded—much less all of the arbitration proceedings ordered by the Tennessee court. (Tenn. Docket.)

### D. The Subpoena is untimely, disproportionate, and unduly burdensome.

Notwithstanding the procedural posture of the Tennessee Case, Plaintiffs issued a subpoena from this Court under the authority of the United States District Court for the Eastern District of Tennessee (SMV Decl., Ex. D and E). On July 23, 2024, Plaintiffs first attempted to serve a subpoena on Gilfillan (the "Unserved Subpoena") (SMV Decl., Ex. D). (*See* Gilfillan Decl. at ¶ 4.) The Unserved Subpoena did not include any witness fee and was sent by certified mail, though no signature was required. (*Id.*) Plaintiffs were unable to provide proof of service by certified mail as indicated in the cover letter to the Unserved Subpoena. (*See* SMV Decl., Ex. F at Aug. 9, 2024, 2:50 p.m.) Multiple parties notified Plaintiffs of the improper nature of the Unserved Subpoena, as well as other discovery Plaintiffs contemporaneously issued in the Tennessee Case. (*See* SMV Decl. Exs. F–H.) Bringing the service deficiencies to Plaintiffs' attention, counsel for Gilfillan also explained Plaintiffs' lack of authority for the Unserved Subpoena. (*Id.*)

Despite this notice, objections, and deficiencies, on August 30, 2024, the Plaintiffs re-issued the Subpoena with a witness check to Gilfillan. (Subpoena, SMV Decl., Ex. E.) The Subpoena directs Gilfillan to appear at a deposition by Zoom on October 18, 2024, and to produce a wide range of documents by September 23, 2024. (*Id.*)

7

While the Amended Complaint only references an April 2021 communication between Gilfillan and the Loomis Plaintiffs/Claimants, the ten requests for production include broad categories of unrelated documents, including such things as:

1. All communications between Gilfillan and any Defendant, any Plaintiff, or any "prospective franchisee" (*id.* at Requests 1–5);

2. All documents regarding theoretical and unalleged payments from Defendants (*id.* at Requests 7–9);

3. All documents regarding certain "notions" about which there is no allegation that Gilfillan alleged is to have had any relation (*id.* at Request 10).

As with the Unserved Subpoena, parties to the Tennessee Case again notified Plaintiffs that the Subpoena was improper and a violation of the Federal Rules of Civil Procedure because the case remained stayed. (SMV Decl, Ex. I.)

On September 12, 2024, the PMA Defendants moved for a protective order in the Tennessee Case to quash the Subpoena. (Tenn. ECF 241, SMV Decl., Ex. J.) As indicated in that motion, there not been any Rule 26(f) conference in the Tennessee Case. (*Id.* at 1–2.) As with all of the other motions filed in the Tennessee Case, there is no indication that the Tennessee court is considering any motions, including the PMA Defendants' motion in light of the fact that the Tennessee Case remains stayed and closed. (Tenn. Docket.)

E. **Gilfillan moves to quash and objects to the Subpoena.**

On September 13, 2024, Gilfillan provided written objections to the Subpoena on the basis that Plaintiffs lack authority to issue the subpoena and because the subpoena is overbroad and unduly burdensome. (SMV Decl, Ex. G.) The objection letter explains, again, that the Tennessee Case is stayed and closed. (*Id.*) The objection letter reiterates that Federal Rule of Civil Procedure 26(d)(1) prohibits discovery prior to the Rule 26(f) conference which still has

8

not occurred. (*Id.*). The objection letter also details multiple reasons why the third-party subpoena is overly burdensome—particularly in light of the lack of any indication that Gilfillan might have any relevant information, much less information not more readily available from actual parties, in contrast to the exceeding broad and invasive nature of the requests. (*Id.*)

F. **Certification Pursuant to Local Rule 37.2.**

On September 20, 2024, at 2 p.m. Central, counsel for the Plaintiffs (Russell Taber) and counsel for Gilfillan (Sonia Miller-Van Oort and Alex Beeby) met and conferred by telephonic conference call regarding Gilfillan's objections to the Subpoena. (SMV Decl. at ¶ 12.) Plaintiffs were unwilling to delay the subpoena and information sought until the Tennessee case was opened; Plaintiffs were also unwilling to narrow the scope of the requests in any way. (*Id.*) The parties were therefore unable to resolve any of the objections. (*Id.*) After consultation in person or by telephone and good faith attempts to resolve differences, counsel was unable to reach an accord. (*Id.*) Accordingly, and without any further resolution, Gilfillan now respectfully requests that the Court quash the Subpoena.

## DISCUSSION

Plaintiffs lack authority to issue the Subpoena outside of discovery in a case that is stayed and closed. Furthermore, the Subpoena is overbroad, disproportionate to the needs of the underlying case given the ability to conduct discovery among the parties, and unduly burdensome. Plaintiffs have taken little, if any, discovery from the parties in the underlying case, and have taken no depositions to determine whether additional information from Gilfillan is even needed—nor could they, since discovery has not opened. Because Plaintiffs refuse to withdraw the Subpoena—even after repeated warnings of its improper nature, Plaintiffs and their counsel should be compelled to reimburse Gilfillan's attorneys' fees and costs incurred, because Gilfillan should not have been forced to resort to court intervention under these circumstances.

I.  **Legal Standard**

Federal Rule of Civil Procedure 45 governs subpoenas in federal court. The court in the district where compliance is required hears motions to quash a subpoena. FED. R. CIV. P. 45(d)(3)(A); *see also Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (discussing the 2013 amendments to Rule 45). Similarly, the court in the district where compliance is required, enforces the party's and attorney's duty to avoid undue burden. FED. R. CIV. P. 45(d)(1); *accord Robinson v. Morgan Stanley*, No. 06 C 5158, 2010 WL 1005736 at *2 (N.D. Ill. Mar. 17, 2010).

Typically, the person seeking to quash the subpoena bears the burden to show that the subpoena subjects that person to undue burden or meets one of the other provisions of Rule 45(d)(3)(A). *Cruz v. Guevara*, No. 23 C 4268, 2024 WL 4449944 at *5 (N.D. Ill. Oct. 9, 2024); *Graham v. Rational Vaccines Inc.*, No. 18-03096, 2022 WL 3700860 at *1 (C.D. Ill. May 23, 2022). The undue-burden analysis considers relative hardship—weighing the burden of compliance against the benefit of production. *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013); *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009) (citing *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 927, 933 (7th Cir. 2004)). "[I]t has been consistently held that 'non-party' status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Parker*, 291 F.R.D. at 188 (quoting *Robinson*, 2010 WL 1005736 at *2–3. Unauthorized subpoenas typically involve *pro se* issuers but may also be quashed by a court for lacking authority. *See Young v. Crow*, No. CIV-21-00704-PRW, 2022 WL 1274433 at *1–2 (W.D. Okla. Apr. 28, 2022) (approving of a magistrate's quashing of an unauthorized subpoena issued outside of court authorized discovery).

Here, the burden is undue both because the status of the Tennessee Case forecloses any benefit to the Tennessee Case and because the requests of third-party Gilfillan are unnecessary and overbroad.

**II.     The Subpoena is untimely because the Tennessee Case is stayed and closed and is not in discovery.**

The Subpoena fails to meet the prerequisites for even issuing a subpoena and provides no benefit to a case for which discovery has not opened and which is stayed and closed.

It should go without saying that a subpoena requires that an action be pending before the issuing court. FED. R. CIV. P. 45(a)(2). This is because a civil subpoena is a "mandate issued in the name of a court." *U.S. v. Santiago-Lugo*, 904 F.Supp. 43, 46 (D.P.R. 1995); *accord Leibovitch v. Islamic Republic of Iran*, 852 F.3d 687, 689–90 (7th Cir. 2017) (discussing the jurisdictional linkage for subpoenas). Indeed, the discovery rules in the issuing court govern the issuing of subpoenas on third parties. *Deere & Co. v. XAPT Corp.*, No. 4:19-cv-04210-SLD-JEH, 2023 WL 7354564 at *2 (C.D. Ill. Nov. 7, 2023). This allows the issuing court to manage and oversee the proper prosecution of the underlying litigation, including controlling discovery. *See id.* (approving of a magistrate's ruling that required obtaining discovery from parties before involving third parties). Further, Rule 45 is considered within the context of Federal Rule of Civil Procedure 26. *Id.*; *Robinson*, 2010 WL 1005736 at *2. Rule 26(d)(1), in turn, explicitly prohibits discovery prior to the Rule 26(f) conference without a court order.

Here, discovery is prohibited in the Tennessee Case because the Rule 26(f) conference has not occurred. Nor has the Tennessee court otherwise authorized discovery. Indeed, the Tennessee court affirmatively stayed and closed the Tennessee Case "pending the conclusion of arbitration." *Anthony*, 2023 WL 6317685 at *7–8. That arbitration has not concluded, and the

11

Tennessee court has not reopened the case, lifted the stay, or provided any other indication that the court considers the case actively pending. (Tenn. Docket.)

Accordingly, and because a third-party subpoena can provide no benefit to a case that is not open, unstayed, and in discovery, the unauthorized and untimely 2nd Subpoena should be quashed. There is no justifiable basis on which Plaintiffs issued and served these subpoenas on Gilfillan.

**III. The Subpoena is unduly burdensome because it demands exceedingly broad requests of a third-party with no relevant information not more readily available from other sources.**

The inappropriateness of the Subpoena is further demonstrated by the overbroad requests of third-party Gilfillan, without any likelihood that Gilfillan might be able to provide relevant information not more readily available from actual parties to the Tennessee Case.

The factors considered in the relative hardship test for undue burden include "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party." *Parker*, 291 F.R.D. at 188 (quoting *Last Atlantis Capital, LLC v. AGS Specialist Partners*, No. 04 C 0397, 05 C 5600, 05 C 5671, 2013 WL 182792 at *1 (N.D. Ill. Jan. 17, 2013)). Nonparty status is a significant factor because they are accorded "a different set of expectations" from parties to a law suit. *United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972 at *4–5 (N.D. Ill. Oct. 21, 2005)). Accordingly, courts sometimes require parties to exchange discovery among themselves before pursuing discovery from third parties, as authorized by Rule 26(d)(3). *Deere & Co.*, 2023 WL 7354564 at *3 ("While Judge Hawley was specifically ruling on a motion to quash a subpoena . . . , his ruling was that the parties were to 'continue to seek discovery from each other' before they got third parties involved.").

12

Here, Plaintiffs seek broad categories of discovery far beyond the April 2021 conversations in which Gilfillan was alleged to have participated. Indeed, the Loomis Plaintiffs/Claimants themselves would theoretically have direct knowledge as to these conversations they allegedly had with Gilfillan. Further, to the extent Plaintiffs seek discovery pertaining to information or interactions with Plaintiffs or Defendants, those parties would be in a better position to produce this information and documents, and the Tennessee court would be positioned to ensure any such discovery complied with applicable rules (assuming discovery was open). To the extent Plaintiffs seek discovery pertaining to Gilfillan's interactions with other potential franchisees that do not pertain to interactions with Plaintiffs or Defendants, such information is overboard and unlikely to have any relevance to claims that Defendants (with whom Gilfillan is not even employed) conspired against Plaintiffs. There are no allegations in the Amended Complaint that Gilfillan was involved in any conspiracy of Defendants. Nor are there any allegations linking the Area Development Agreement (the only issue someday returning to the federal court) to Gilfillan. Indeed, as indicated in the Loomis Arbitrability Order, the arbitration may resolve or otherwise moot the Tennessee Case—rendering any benefit to the Tennessee Case a nullity.

In contrast to the lack of benefit to the Tennessee Case, the Subpoena would require Gilfillan to run broad searches for emails and documents regarding various defendants and individuals over some undefined time period, pay counsel to review these documents for relevance and prepare and produce them to Plaintiffs, and prepare for and appear for several hours at a deposition—again with the assistance of counsel.

Accordingly, the Subpoena should be quashed as unduly burdensome.

### IV. Gilfillan is entitled to recovery of his attorney fees and costs from Plaintiffs and their counsel as sanction for their failure to take reasonable efforts to avoid undue burden.

Plaintiffs and their counsel forced Gilfillan to seek court intervention to quash the unauthorized and overly burdensome Subpoena—even after multiple warnings from multiple parties that the Subpoena violates the Federal Rules of Civil Procedure.

Attorneys issuing subpoenas in the name of a federal court have "an increased professional responsibility with regard to using [the subpoena power] appropriately." *Santiago-Lugo*, 904 F.Supp. at 47. Misuse of this power reflects on the court—particularly for subpoenas directed to third parties:

> The mere fact that an attorney abuses the subpoena power directly implicates the court itself and creates an embarrassment for the institution. In addition, the general duty of an attorney toward third parties is violated when a subpoena is misused.

*Id.* at 48 (citing Model R. Prof. Cond. 4.4). Accordingly, a court in the district where compliance is required may sanction a party and its attorney for failing to comply with Rule 45. Fed. R. Civ. P. 45(d)(1). This sanction may include reasonable attorney's fees. *Id.*

Here, Plaintiffs, through their counsel, issued the Subpoenas knowing discovery is not authorized in a case stayed and closed by the issuing court. Plaintiffs did so despite multiple warnings of the impropriety of such a subpoena by Gilfillan's counsel and other counsel in the underlying case. Plaintiffs have continued to refuse to withdraw the unauthorized subpoena. Far from taking reasonable steps to avoid imposing undue burden or expense, such actions can only be targeted to harass Gilfillan, who, again, is not even a party to the Tennessee Case. Accordingly, Gilfillan respectfully requests that Plaintiffs and their counsel be required to reimburse him for his reasonable attorneys' fees and costs.

## CONCLUSION

Because the Subpoena is unauthorized, untimely, and unduly burdensome, Gilfillan respectfully requests that the Court quash the Subpoena and award his attorneys' fees and costs against Plaintiffs and their counsel.

Dated:  October 15, 2024                                   Respectfully submitted,

**PETE GILFILLAN**


By: /s/ Sandy L. Morris
One of His Attorneys



Sandy L. Morris
Valentine Austriaco & Bueschel, P.C.
300 E. Randolph, Suite 3400
Chicago, IL 60601
Telephone: (312) 238-9545
Fax: (312) 638-8137
Email: smorris@vablawfirm.com
*Counsel for Respondent in Discovery*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, I caused a true and correct copy of the foregoing **MOTION OF NON-PARTY TO QUASH THIRD-PARTY SUBPOENA** to be filed with the Court's CM/ECF system and to be served in accordance therewith to all parties receiving electronic noticing and for the following to be served by email:

| | |
|---|---|
| Caitlin Burchette<br>Lewis Thomason, P.C.<br>cburchette@lewisthomason.com | Bethany Appleby<br>DLA Piper LLP US<br>bethany.appleby@us.dlapiper.com |
| Janet Hayes<br>Lewis Thomason, P.C.<br>jhayes@lewisthomason.com | Norman M Leon<br>DLA Piper (US) LLP<br>norman.leon@us.dlapiper.com |
| John Tarpley<br>Lewis Thomason, P.C.<br>jtarpley@lewisthomason.com | Michael Malone<br>Polsinelli PC<br>MMalone@Polsinelli.com |
| Stuart Burkhalter<br>Riley & Jacobson, PLC<br>SBurkhalter@rjfirm.com | Shundra Manning<br>Polsinelli PC<br>scmanning@polsinelli.com |
| Elizabeth Thomas<br>Riley & Jacobson, PLC<br>ethomas@rjfirm.com | Keats, Michael<br>Fried Frank Harris Shriver & Jacobson LLP<br>Michael.Keats@friedfrank.com |
| Russell Taber<br>Riley & Jacobson, PLC<br>RTaber@rjfirm.com | Martin, Rebecca<br>Fried Frank Harris Shriver & Jacobson LLP<br>Rebecca.Martin@friedfrank.com |
| Alexander Beeby<br>Sapientia Law Group<br>alexb@sapientialaw.com | George Mykulak<br>Quarles & Brady LLP<br>George.mykulak@quarles.com |
| Sonia Lynn Miller-Van Oort<br>Sapientia Law Group<br>soniamv@sapientialaw.com | Jonathan Labukas<br>Quarles & Brady LLP<br>Jonathan.labukas@quarles.com |
| Kelsey C. Osborne<br>Paine Bickers, LLP<br>kosborne@painebickers.com | Pooja Bery<br>McKellar Law Group, PLLC<br>pooja@mckellarlawgroup.com |
| Michael J King<br>Paine Bickers LLP<br>mking@painebickers.com | Andie McKellar<br>McKellar Law Group, PLLC<br>andie@mckellarlawgroup.com |
| Lindsey M Collins<br>Paine Bickers LLP<br>lcollins@painebickers.com | /s/ Sandy L. Morris |