IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM ANTHONY, et al.,** | Case No. 1:24-cv-10421 |
| Plaintiff, | (Arising out of an action pending in the Eastern District of Tennessee, Case No. 3:22-cv-00416) |
| v. | |
| **BARRY VAN OVER, et al.,** | |
| Defendant. | |

**DECLARATION OF SONIA MILLER-VAN OORT**

I, Sonia Miller-Van Oort, declare in accordance with 28 U.S.C. § 1746, as follows:

1. I am an attorney at Sapientia Law Group, PLLC, and I represent Respondent in Discovery Pete Gilfillan ("Gilfillan") in this action. As such I am familiar with the matter and have knowledge of the facts stated below. I provide this declaration in support of Gilfillan's motion to quash.

2. Attached hereto as **Exhibit A** is a true and correct copy of the First-Amended Complaint filed as ECF 60 (the "Amended Complaint") in the Tennessee Case.

3. Attached hereto as **Exhibit B** is a true and correct copy of select pages of the docket ("Tenn. Docket") in Case Number 3:22-cv-00416 (the "Tennessee Case"), in the United States District Court for the Eastern District of Tennessee, retrieved as of October 15, 2024, at 11:48 a.m. Central Time. To limit file size, excess pages of appearances for all of the plaintiffs are excluded (pages 2-61 of the docket).

4. Attached hereto as **Exhibit C** is a true and correct copy of the Order on Arbitrability (the "Loomis Arbitrability Order"), filed as ECF 214-1 in the Tennessee Case.

5. Attached Hereto as **Exhibit D** is a true and correct copy of the subpoena that

Plaintiffs noticed to counsel in the Tennessee Case and purportedly attempted to serve on Gilfillan, with cover letter (the "Unserved Subpoena").

6. Attached hereto as **Exhibit E** is a true and correct copy of a subpoena served by Plaintiffs on August 30, 2024, with cover letter (the "Subpoena").

7. Attached hereto as **Exhibit F** is a true and correct copy of an email chain of correspondence, dated July 30 to September 13, 2024, between Russell Taber (as counsel for Plaintiffs), Jason Kanterman (as counsel for Defendant Franchise Fastlane, LLC) and me.

8. Attached hereto as **Exhibit G** is a true and correct copy of a letter, dated September 13, 2024, from me to Stuart Burkhalter, attached to the final email in the chain at Exhibit F.

9. Attached hereto as **Exhibit H** is a true and correct copy of an email chain of correspondence, dated August 12 to 20, 2024, between Russel Tabor (as counsel for Plaintiffs), Jason Kanterman (as counsel for Defendant Franchise Fastlane, LLC) and Bethany Appleby (as counsel for Defendants Premier Franchising Group, LLC, and Myles Baker), on which I was included as a recipient.

10. Attached hereto as **Exhibit I** is a true and correct copy of an email chain of correspondence, dated August 30, 2024, between Russel Tabor (as counsel for Plaintiffs), Michael Keats (as counsel for Defendant Franchise Fastlane, LLC) and Bethany Appleby (as counsel for Defendants Premier Franchising Group, LLC, and Myles Baker), on which I was included as a recipient.

11. Attached hereto as **Exhibit J** is a true and correct copy of Defendants Premier Franchising Group, LLC d/b/a Premier Martial Arts and Myles Baker's Motion for Protective Order and to Quash Subpoena, filed as ECF 241 in the Tennessee Case.

12. I, along with my colleague Alex Beeby, requested and coordinated a meet-and-confer with Plaintiff's counsel, Russell Taber for September 20, 2024, at 2 p.m. Central. We explained the basis for our objections and why, even if the subpoena was issued from an active case in Tennessee (which it was not), the requests were overbroad and burdensome. Plaintiffs counsel was unwilling to delay the production of documents or deposition requested until after the Tennessee case was opened, even though counsel had to acknowledge that the Court had taken no action on any filings made in the action since the case had been compelled to arbitration. Plaintiffs counsel also acknowledged that depositions have not been taken of the parties in the underlying matter. Plaintiffs counsel was also unwilling to narrow the scope of the requests in any way. The parties were therefore unable to reach any resolution on the contested subpoena to Mr. Gilfillan.

13. It is unreasonable for Plaintiffs to use the subpoena authority of the federal courts of Tennessee, where an action is closed. We advised Plaintiffs' counsel that, if Mr. Gilfillan was forced to bring a motion to quash, he would be seeking recovery of his attorneys' fees for having to incur this expense.

14. Mr. Gilfillan has now incurred legal expense related to the contested subpoena both from my law firm, Sapientia Law Group, and the need to obtain local counsel in Illinois to present this motion. The fees incurred thus far, in additional to fees incurred through disposition of this motion will likely exceed $15,000. Mr. Gilfillan respectfully seeks reimbursement for these costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 15, 2024
s/ Sonia Miller-Van Oort
Sonia Miller-Van Oort