# EXHIBIT D

## RILEY & JACOBSON, PLC

ATTORNEYS AT LAW

1906 WEST END AVENUE

NASHVILLE, TENNESSEE 37203

STUART A. BURKHALTER
sburkhalter@rjfirm.com

TELEPHONE: (615) 320-3700
TELECOPIER: (615) 320-3737

July 23, 2024

<u>Via Certified Mail</u>
Pete Gilfillan
Gilfillan Consulting LLC
348 S Sleight Street
Napierville, IL 60540

  Re: *William Anthony, et al. v. Brent Seebohm, et al.,*
     Case No. 3:22-cv-00416 (E.D. Tenn)

Dear Mr. Gilfillan:

  I enclose a subpoena for your deposition and for production of documents. If the noticed date for your deposition does not work for you, please let me know and we can schedule a mutually agreeable date and time.

                Very truly yours,

                Stuart A. Burkhalter

SAB/ddg
Enclosure

cc: counsel of record (via email)

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| William Anthony, et al., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-00416 |
| Brent Seebohm, et al., | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:                                        Pete Gilfillan
Gilfillan Consulting, 348 S Sleight Street, Napierville, IL 60540

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Via Zoom | Date and Time: 09/10/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:    stenographic means and may be videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
      See Exhibit A. The documents should be produced one week before the deposition on August 29, 2024. The documents should be sent to sburkhalter@rjfirm.com.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/23/2024

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    **Plaintiffs**
Stuart Burkhalter                                                                              , who issues or requests this subpoena, are:
sburkhalter@rjfirm.com, (615) 320-3700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00416

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT A

**Definitions**

1. The term "document" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure and shall include documents, electronically stored information ("ESI"), and tangible things. The terms "ESI" and "communications" include, without limitation, emails, text messages (e.g., iMessages), social media messaging (e.g., Facebook Messenger), and communications on other messaging applications (e.g., WhatsApp).

2. Please produce ESI in its native format or in a standard Relatively deliverable, unless otherwise specified below. "Native format" means the file structure defined by the original creating application (for example, and email from Microsoft Outlook may be produced in an .msg file). Screenshots of text messages are acceptable, as long as the date, parties, and content of the messages are evident from the screenshots.

3. The term "FFL" shall refer to Franchise Fastlane, LLC and its employees, representatives, attorneys, and/or related entities.

4. The term "PMA" shall refer to Premier Franchising Group, LLC and its employees, representatives, attorneys, and/or related entities.

5. The term "Unleashed" shall refer to Unleashed Brands, LLC and Unleashed Services, LLC and their employees, representatives, attorneys, and/or related entities.

## Requests for Production

1. Produce all documents, including communications and recordings, reflecting the manner in which you or any others solicited potential franchisees of PMA.

2. Produce all communications between you and PMA after December 1, 2019.

3. Produce all communications between you and FFL after December 1, 2019.

4. Produce all communications between you and Unleashed after December 1, 2019.

5. Produce all communications between you and Plaintiffs or any other prospective franchisees after December 1, 2019.

6. Produce all documents generated after December 1, 2019 relating to any prospective franchisee referral to PMA or FFL.

7. Produce all documents generated after December 1, 2019 relating to any promised payments for making referrals to PMA or FFL.

8. Produce any presentation materials used after December 1, 2019 in meetings with Plaintiffs or any other prospective franchisees.

9. For each payment made to you by PMA, FFL or Unleashed, produce all documents sufficient to identify the date of the payment, the amount of the payment, and the purpose of the payment.

10. Produce all documents regarding the following notions: that a PMA studio could be run "semi-absentee;" the revenue potential of a PMA studio; the revenues or profits of existing PMA studios; the staffing requirements at a PMA studio; the resources that PMA could or would provide a franchisee related to the potential hiring of instructors or the operation of a PMA studio; any and all vendors with whom any potential franchisee should work, including loan brokers or lenders; and/or anything else related to PMA.