# EXHIBIT F

| **From:** | Sonia Miller-Van Oort |
|---|---|
| **To:** | Russell Taber; Stuart A Burkhalter |
| **Cc:** | Alex Beeby; Michael J. King; Appleby, Bethany |
| **Subject:** | RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.) |
| **Date:** | Friday, September 13, 2024 9:43:30 AM |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | 2024.08 SMV Ltr Burkhalter re Gilfillan Subpoena 2, 1.pdf |

Russell & Stuart,

Please see our attached letter with formal objections to the subpoena issued to Pete Gilfillan. I have proposed a meet and confer for next Friday if possible. We hope that you will agree to withdraw this subpoena for the reasons stated. And when discovery is allowed in the Eastern District of Tennessee we can discuss scope issues for any future subpoena.

If we are not able to resolve this issue, which I hope we can, then we will be moving to quash in the jurisdiction in which Mr. Gilfillan resides.

Please advise. Thank you.

**Sonia Miller-Van Oort**



120 South Sixth Street, Suite 100 | Minneapolis, MN 55402
**t:** 612.756.7125 **f:** 612.756.7101
www.sapientialaw.com



**From:** Sonia Miller-Van Oort
**Sent:** Monday, August 26, 2024 7:27 AM
**To:** Russell Taber <RTaber@rjfirm.com>
**Cc:** Stuart A Burkhalter <SBurkhalter@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Russell,

I'm not sure what the expediency is with regard to this third-party's production and deposition. No other party discovery has even occurred, has it?

As I indicated on Friday, after the subpoena is properly served, we will want to have a meet and confer and opportunity to talk through the scope of the requests with you. This will allow the parties to either come to agreement on the scope of the production and testimony, or it will narrow issues for any type of motion that might be necessary. So, we'd ask that the subpoena be issued to allow at least 30 days for production and 45 days for any testimony, so that we have sufficient time to work through the issues, determine what

compromises are achievable, and then actually go through process to identify and produce documents. I note further that neither Mr. Gilfillan nor I am available for a September 10 deposition in any event.  IF you agree to modify the subpoena accordingly, and to provide payment to the witness with the revised subpoena, then I have authority to accept service of the subpoena on his behalf.  Otherwise, he will need to be served personally.

I have read the case you sent.  Although the Court allowed for cure on failure to pay a witness fee, that case was not one in which the underlying service was ineffective for other reasons as here.  If you have proof of adequate service being accomplished on Mr. Gilfillan, please provide it.  It's my understanding there isn't.  Regardless, we can resolve this piece through the above proposal.

Please advise how you want to proceed.  Hopefully, we can simply agree on process and move on to next steps.  Thank you.


**Sonia Miller-Van Oort**



120 South Sixth Street, Suite 100 | Minneapolis, MN 55402
**t:** 612.756.7125   **f:** 612.756.7101
www.sapientialaw.com



**From:** Russell Taber <RTaber@rjfirm.com>
**Sent:** Friday, August 23, 2024 3:37 PM
**To:** Sonia Miller-Van Oort <soniamv@sapientialaw.com>
**Cc:** Stuart A Burkhalter <SBurkhalter@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Sonia,

Thanks for your email. The rules permit us to serve a subpoena for the same dates, given that Mr. Gilfillan has long had notice of the requests. *See* the attached *Planned Parenthood* case. We would be glad to release the noticed dates if we agree upon other dates.  Would a production date of September 6 with a deposition date of September 16 work on your end? Please let me know as soon as possible his position on service, as we would intend to seek recovery of all costs incurred in connection with any efforts to exacerbate the expense of service despite his actual knowledge of the subpoena.

Best,

Russell

W. Russell Taber III

**RILEY & JACOBSON, PLC**
1906 West End Ave. | Nashville, TN | 37203
(615) 320-3700
rtaber@rjfirm.com

This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.

**From:** Sonia Miller-Van Oort <soniamv@sapientialaw.com>
**Sent:** Friday, August 23, 2024 3:23 PM
**To:** Russell Taber <RTaber@rjfirm.com>
**Cc:** Stuart A Burkhalter <SBurkhalter@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Mr. Taber,

I don't believe Mr. Gilfillan was properly served with a subpoena, so yes, he will need to be properly served with a subpoena. I don't have authority to accept service on his behalf, but I am willing to inquire as to authority to do so. A check would need to be written made payable to him. He definitely is not able to make a production or be deposed in the next couple of weeks and has not been focused on this given the ineffective service of the subpoena.

If you can advise what dates you intend to include on such a subpoena for document production and deposition, I will raise with Mr. Gilfillan my ability to just accept service of this. I suggest that any dates in the subpoena allow time for us to have a meet and confer after the subpoena is served to address any scope issues or other objections that Mr. Gilfillan could have with the subpoena. Thank you.


**Sonia Miller-Van Oort**



120 South Sixth Street, Suite 100 | Minneapolis, MN 55402
**t:** 612.756.7125  **f:** 612.756.7101
www.sapientialaw.com



**From:** Russell Taber <RTaber@rjfirm.com>
**Sent:** Friday, August 23, 2024 2:52 PM
**To:** Sonia Miller-Van Oort <soniamv@sapientialaw.com>

**Cc:** Stuart A Burkhalter <SBurkhalter@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Sonia,

I write in response to your email regarding the subpoena to Mr. Gilfillan. First, the *Loomis* case is not stayed. Among other things, consistent with a Court Order (Doc. 176), the arbitrator returned the claims relating to the Area Development to federal court, the PMA defendants then filed their answer, and the Fastlane Defendants have moved for affirmative relief and made multiple subsequent filings. Second, Mr. Gilfillan is specifically named in the Complaint's allegations relating to the Loomis Plaintiffs, and we believe he has relevant and discoverable information. Third, the Defendants have refused to hold a Rule 26(f) conference, and, accordingly, cannot delay discovery under Rule 26(f).

With regard to subpoena logistics, your email states that Mr. Gilfillan received the subpoena. Even so, if you would like us to serve the subpoena again, please let me know if you are authorized to accept service of the subpoena on his behalf via email or how we can otherwise arrange for service. We would be pleased to provide the witness fee. *See Informd, LLC v. Docrx, Inc.*, 2016 WL 7478962, at *7 (M.D. La. Dec. 29, 2016) (omission of including witness fee can be cured). Please let me know if we can Venmo the amount or whether we should mail a check to you or him.

Mr. Gilfillan's deadline to produce documents is next week, and his deposition is scheduled the following week. If he needs another week or two for either production, please let me know.

Thanks,

Russell


W. Russell Taber III
RILEY & JACOBSON, PLC
1906 West End Ave. | Nashville, TN | 37203
(615) 320-3700
rtaber@rjfirm.com

This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.

---

**From:** Sonia Miller-Van Oort <soniamv@sapientialaw.com>
**Sent:** Friday, August 9, 2024 2:50 PM
**To:** Russell Taber <RTaber@rjfirm.com>; Kanterman, Jason <Jason.Kanterman@friedfrank.com>; Joseph K Robinson <jrobinson@rjfirm.com>; cburchette@lewisthomason.com; Stuart A Burkhalter

<SBurkhalter@rjfirm.com>; jhayes@lewisthomason.com; lcollins@painebickers.com; kosborne@painebickers.com; bethany.appleby@us.dlapiper.com; norman.leon@us.dlapiper.com
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson <john.peterson@polsinelli.com>; Michael Malone <MMalone@Polsinelli.com>; Shundra Crumpton Manning <scmanning@polsinelli.com>; Keats, Michael <Michael.Keats@friedfrank.com>; Martin, Rebecca <Rebecca.Martin@friedfrank.com>; jtarpley@lewisthomason.com; Elizabeth M Thomas <ethomas@rjfirm.com>; Alex Beeby <alexb@sapientialaw.com>; mking@painebickers.com
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Mr. Taber,

By virtue of the communications exchanged by you and counsel, I have learned that you are attempting to subpoena Mr. Pete Gilfillan. I have spoken with Mr. Gilfillan and am writing to inquire about the alleged service of this subpoena, which apparently was an attempted certified mail delivery that was simply put in his mailbox. Even where certified mail is accepted, proof of delivery depends upon the witness's signature. *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012). Service must be proven by filing proof of service, certified by the server, with the issuing court. Fed. R. Civ. P. 45(b)(4). Mr. Gilfillan was never asked to sign for this subpoena and did not.
In addition, Rule 45(b)(1) also explicitly requires service of a subpoena to include a witness fee. Failure to include the fee is fatal to service. *In re Dennis*, 330 F.3d 696, 704–05 (5th Cir. 2003); *Garcia v. Spokane County*, 745 Fed. Appx. 730, 731 (9th Cir. 2018*); Elliot v. Mission Trust Servs., LLC*, 2015 WL 1567901 at *4 (N.D. Ill. Apr. 7, 2015). The subpoena did not include any witness fee. For these reasons alone, service has not been effectuated on Mr. Gilfillan

It is my further understanding that the case in which you have attempted to issue a subpoena is currently stayed in federal court, foreclosing discovery until the case is opened again that in that court. From what I see, Judge Atchley has not reopened the Tennessee case or released the stay from review of the docket. Accordingly, there is no currently pending action to support the subpoena, A subpoena requires an action to be pending before the issuing court and is considered in relation to existing discovery. Fed. R. Civ. P. 45(a)(2); *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *Graham v. Rational Vaccines Inc.*, 2022 WL 3700860 (C.D. Ill. May 23, 2022). Indeed, an issuing court's discovery protocols can preclude enforcement of a subpoena in another jurisdiction. *Deere & Co. v. XAPT Corp.*, 2023 WL 7354564 (C.D. Ill. Nov. 7, 2023).

In addition, it is my further understanding that no discovery conference was conducted by the parties, which is a prerequisite to issuance of any discovery requests, including subpoenas. Fed. R. Civ. P. 26(d)(1). Based on other counsels' comments that too has not occurred.

Mr. Gilfillan preserves any substantive objections to the scope of the subpoena until he is properly served and served in a suit where discovery is allowed by the Court. At the outset, however, we note that not only is Mr. Gilfillan not a party to this federal case, but he is also not alleged to have had any involvement in any of the allegations—indeed, his name does not appear anywhere in the Amended Complaint. In contrast to the complete lack of any reason to believe Gilfillan might have relevant first-hand knowledge, the subpoena requests are exceedingly broad and invasive—particularly in light of what we understand the narrow scope of the Area Development Agreement claims that may be returned arbitration to the court (but

have not yet been acknowledged and opened by the court). Critically, nearly all of the requests seek information that should be in the possession of and would be more appropriately and easily obtained from parties to the case, including communications with parties,

After the federal case is opened, discovery is allowed, and our client is properly served, we will be happy to meet and confer with you regarding objections to any future subpoena to Mr. Gilfillan. Thank you.

**Sonia Miller-Van Oort**



120 South Sixth Street, Suite 100 | Minneapolis, MN 55402
**t:** 612.756.7125  **f:** 612.756.7101
www.sapientialaw.com



**From:** Russell Taber <RTaber@rjfirm.com>
**Sent:** Friday, August 9, 2024 11:19 AM
**To:** Kanterman, Jason <Jason.Kanterman@friedfrank.com>; Joseph K Robinson <jrobinson@rjfirm.com>; cburchette@lewisthomason.com; Stuart A Burkhalter <SBurkhalter@rjfirm.com>; jhayes@lewisthomason.com; mking@painebickers.com; lcollins@painebickers.com; kosborne@painebickers.com; bethany.appleby@us.dlapiper.com; norman.leon@us.dlapiper.com; Sonia Miller-Van Oort <soniamv@sapientialaw.com>; Alex Beeby <alexb@sapientialaw.com>
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson <john.peterson@polsinelli.com>; Michael Malone <MMalone@Polsinelli.com>; Shundra Crumpton Manning <scmanning@polsinelli.com>; Keats, Michael <Michael.Keats@friedfrank.com>; Martin, Rebecca <Rebecca.Martin@friedfrank.com>; jtarpley@lewisthomason.com; Elizabeth M Thomas <ethomas@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Jason,

Thank you for your email. The *Loomis* case is not stayed. The Court's Order at Doc. 176 ruled: "a stay is more appropriate at this time – should Plaintiffs succeed in their challenges to arbitration before the arbitrator, the impacted claims will return to this Court." As you know, the *Loomis* arbitrator returned certain claims to that Court, and we filed a notice to that effect on July 15, 2024 (Doc. 214). Several Defendants answered on July 18. (Doc. 216). Your clients have recently submitted multiple filings, including at least one motion. Your clients, however, did not timely answer and are in default. Please let me know if your clients intend to file their answer within the next week.

With regard to discovery, Fed. R. Civ. P. 26(d)(2) permits early service of Rule 34 requests. This case has been pending for almost two years, and we are ready to conduct a Rule 26(f) conference at your

convenience to the extent one has not yet occurred. I spoke with several of your co-counsel today in person. They did not wish to have a Rule 26(f) conference then or later today and did not commit to another time. Would Monday work for you?  You have our written discovery, which should guide a number of the issues to be discussed then.

Thanks,

Russell

W. Russell Taber III
RILEY & JACOBSON, PLC
1906 West End Ave. | Nashville, TN | 37203
(615) 320-3700
rtaber@rjfirm.com

This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed.  If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited.  If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail.  Thank you.

**From:** Kanterman, Jason <Jason.Kanterman@friedfrank.com>
**Sent:** Thursday, August 8, 2024 12:19 PM
**To:** Russell Taber <RTaber@rjfirm.com>; Joseph K Robinson <jrobinson@rjfirm.com>; cburchette@lewisthomason.com; Stuart A Burkhalter <SBurkhalter@rjfirm.com>; jhayes@lewisthomason.com; mking@painebickers.com; lcollins@painebickers.com; kosborne@painebickers.com; bethany.appleby@us.dlapiper.com; norman.leon@us.dlapiper.com; soniamv@sapientialaw.com; alexb@sapientialaw.com
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson <john.peterson@polsinelli.com>; Michael Malone <MMalone@Polsinelli.com>; Shundra Crumpton Manning <scmanning@polsinelli.com>; Keats, Michael <Michael.Keats@friedfrank.com>; Martin, Rebecca <Rebecca.Martin@friedfrank.com>; jtarpley@lewisthomason.com; Elizabeth M Thomas <ethomas@rjfirm.com>; Kanterman, Jason <Jason.Kanterman@friedfrank.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Russell,

We received the Loomis Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to Defendant Franchise FastLane, LLC in *Anthony v. Van Over*, No. 3:22-cv-416 (E.D. Tenn.) (the "Federal Court Action") and have also received copies of subpoenas issued under Stuart's signature in the Federal Court Action directed to non-parties Joshua Smith and Pete Gilfillan.

As an initial matter, and as you know, there has been no Rule 26(f) conference in this case, thus rendering both the written discovery requests and the subpoenas premature.  *See* Fed. R. Civ. P.

26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Moreover, this action is currently stayed by Order of the Court. *See Anthony v. Van Over*, No. 3:22-CV-416, 2023 WL 6317685, at *7 (E.D. Tenn. Sept. 27, 2023) ("The Court **STAYS** this action pending the conclusion of arbitration."). Plaintiffs' service of discovery in this matter before any Rule 26(f) conference and in violation of the stay directly violates both the Rules and the Court's September 27 Order and is unduly prejudicial to the FastLane Defendants' rights in this case. On these bases, we ask that you immediately withdraw both the written discovery requests and the subpoenas that you served.  Please confirm that you will be withdrawing all such discovery no later than August 12, 2024.  To the extent Plaintiffs refuse to withdraw their improperly served discovery, the FastLane Defendants reserve their right to seek additional relief from the Court.

Thanks,

**Jason S. Kanterman**
**Associate**
Jason.Kanterman@friedfrank.com |  Tel:  +1 212 859 8519

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: he/him/his

**From:** Russell Taber <RTaber@rjfirm.com>
**Sent:** Tuesday, July 30, 2024 5:54 PM
**To:** Joseph K Robinson <jrobinson@rjfirm.com>; cburchette@lewisthomason.com; Stuart A Burkhalter <SBurkhalter@rjfirm.com>; jhayes@lewisthomason.com; mking@painebickers.com; lcollins@painebickers.com; kosborne@painebickers.com; bethany.appleby@us.dlapiper.com; norman.leon@us.dlapiper.com; soniamv@sapientialaw.com; alexb@sapientialaw.com
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson <john.peterson@polsinelli.com>; Michael Malone <MMalone@Polsinelli.com>; Shundra Crumpton Manning <scmanning@polsinelli.com>; Keats, Michael <Michael.Keats@friedfrank.com>; Martin, Rebecca <Rebecca.Martin@friedfrank.com>; Kanterman, Jason <Jason.Kanterman@friedfrank.com>; jtarpley@lewisthomason.com; Elizabeth M Thomas <ethomas@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

[EXTERNAL]
Counsel,

Please see the attached written discovery to Defendant Franchise Fastlane, LLC.  I will send Exhibit A in a separate email shortly.  The attached FDD is Exhibit B.

Thanks,

Russell

W. Russell Taber III
RILEY & JACOBSON, PLC
1906 West End Ave. | Nashville, TN | 37203
(615) 320-3700
rtaber@rjfirm.com

This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.