# EXHIBIT G



SONIA MILLER-VAN OORT
soniamv@sapientialaw.com
612.756-7125

September 13, 2024

Stuart A. Burkhalter **By Email**
1906 West End Avenue
Nashville, TN 37203

    Re: *Anthony v. Seebohm*, Case No. 3:22-cv-00416 (E.D. Tenn.)
          *Gilfillan Subpoena*

Dear Mr. Burkhalter:

    As we have discussed, as counsel for Pete Gilfillan, we object to the subpoena your client, Mr. Loomis, has served in the captioned, closed matter in the Eastern District of Tennessee. Although you have remedied the prior service issue with our agreement to accept service, there are still significant objections to the subpoena: (1) Plaintiffs lack authority to issue a subpoena in this matter; and (2) the subpoena is extremely overbroad and unduly burdensome,. To the extent Plaintiffs refuse to withdraw the subpoena, Gilfillan, by this letter, requests a meet and confer

    As you know, the *Anthony* case remains stayed in federal court. The limited matter that we understand may come back to that Court, has not yet come back to that court, and the matter is still CLOSED and inactive. There is no discovery that can proceed in such a procedural posture. A subpoena requires an action to be pending before the issuing court with discovery being allowed. Fed. R. Civ. P. 45(a)(2); *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *Graham v. Rational Vaccines Inc.*, 2022 WL 3700860 (C.D. Ill. May 23, 2022). Indeed, an issuing court's discovery protocols can preclude enforcement of a subpoena in another jurisdiction. *Deere & Co. v. XAPT Corp.*, 2023 WL 7354564 (C.D. Ill. Nov. 7, 2023). Here, Judge Atchley "stay[ed] [the *Anthony*] action pending the conclusion of arbitration." *Anthony v. Van Over*, 2023 WL 6317685 at *7–8 (E.D. Tenn. Sept. 27, 2023). To the best of our knowledge, the arbitration has not concluded. To the contrary, the arbitrator recommended that the Tennessee court continue its stay pending completion of the arbitration despite returning two narrow claims to the court. Having been informed of the arbitrator's decision, Judge Atchley has not reopened the Tennessee case or released the stay. Accordingly, there is no currently pending action to support the subpoena, which also likely violates the stay. Indeed, efforts to serve a subpoena as an officer of the Court when the Court is not even currently exercising authority in the matter seems extremely problematic as well.

    Even if not stayed, discovery is not open in *Anthony*. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). There is no indication that the Rule 26(f) conference in *Anthony* has occurred. Accordingly, the subpoena is also untimely, and Plaintiffs lack authority to issue the subpoena.

    Third, the subpoena is overly burdensome because there is no reason to believe non-party Gilfillan has any relevant information that Plaintiffs cannot obtain more easily from other sources. Courts give special consideration to a witness's non-party status when considering whether a subpoena subjects the witness to undue burden warranting quashing of the subpoena.





*In re Modern Plastics Corp.*, 890 F.3d at 251; *Graham*, 2022 WL 3700860 at *1–2; *Swanson v. Murray Bros, LLC*, 2021 WL 2312872 at *4 (C.D. Ill. June 7, 2021). Failure to establish first-hand knowledge of relevant facts constitutes undue burden, even where a witness's testimony might provide marginal benefit to important issues. *Mooneyham v. Parker*, 2024 WL 101858 at *2 (E.D. Tenn. Jan. 9, 2024). Sweeping, overbroad requests warrant quashing a subpoena in its entirety. *Lyons v. My Pillow, Inc.*, 2023 WL 8450724 at *4 (6th Cir. Dec. 6, 2023).

     Here, not only is Gilfillan not a party to the *Anthony* case, but he is also not alleged to have had any involvement in any of the allegations. His name does not appear anywhere in the Amended Complaint. If and when the limited issue returns to the district court, we understand that it relates to an Area Development Agreement signed by your clients with PMA. Mr. Gilfillan was not involved in that transaction and has no information to be of assistance.

     There is no reason to believe Gilfillan might have relevant first-hand knowledge regarding the limited issue at hand. The subpoena requests are exceedingly broad and invasive—particularly in light of the narrow scope of the Area Development Agreement claims returned from arbitration to the court. Critically, nearly all of the requests seek information that should be in the possession of and would be more appropriately and easily obtained from parties to the case, including communications with parties (RFPs 1-5, 8) and payments from Defendants (RFP 7, 9). Multiple requests seek other information regarding Gilfillan's potential communications with non-parties (RFPs 1, 5, 8), but neither Gilfillan's actions nor any payments to him (RFP 7, 9) are at issue in the *Anthony* case.

     The subpoena also requests any documents Gilfillan might have mentioning certain information contained in the Amended Complaint (RFP 10), however, there is no reason to believe Gilfillan might possess anything unique regarding that information. The unnecessary nature of the subpoena is further demonstrated by the fact that the requests are being made prior to discovery against the actual parties to the relevant claims.

     To be clear, our client objects to the subpoena in full and also objects to each request specifically, including as identified above. The demanded deposition would be unduly burdensome because it is clear that the inquiry would not result in any relevant information not available elsewhere, but instead intends to delve into areas outside the scope of the claims returning (in the future) to the district court. Our client objects to the scope of each request because they are not limited in time to ensure relevance to the allegations in the Amended Complaint. The scope of the subpoena is further objectionable given that it is overbroad and seeks information regarding "prospective franchisee" or "potential franchisee" because the phrase is ambiguously overbroad to include those not related to PMA or any of the allegations in the Amended Complaint in any way—indeed, it could be reasonably interpreted as referring to anyone who ever mentioned the remotest possibility of becoming a "franchisee." (RFPs 1, 5, 6, 8, 10). And of course, our client also objects to any request interpreted as including documents subject to attorney-client or work-product privilege.

     In summary, the subpoena should be withdrawn for multiple reasons, including lack of authority , overbreadth, undue burden on Gilfillan, and the patently objectionable nature of the individual requests seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the limited claim that may at some point be returned to the district court.



Page 3
September 13, 2024
Burkhalter



    Because the subpoena fails to comply with Rule 45, and likely violates the *Anthony* stay, our client asks that Plaintiffs withdraw the subpoena voluntarily to avoid necessitating a motion to quash. At a minimum, the subpoena should be withdrawn until the Court opens this matter and allows discovery to move forward. If we have to pursue a motion after meeting and conferring, we will be seeking attorneys' fees under Rule 45 for having to bring the motion.

    We also note that one of the parties in the *Anthony* has also filed a motion to quash this subpoena. Please be sure to provide us with a copy of any response to that motion given the clear impact of that motion on any motion we would be filing in the Northern District of Illinois where Mr. Gilfillan lives and where any motion involving by Mr. Gilfillan would necessarily be filed.

    I will be traveling for another case next week after a Court of Appeals case on Tuesday. Perhaps a meet and confer on Friday, September 20th, would work? Please let us know. Thank you.

Very Truly Yours,

Sonia Miller-Van Oort

cc:    W. Russell Taber III
       Michael King
       Lindsey Collins
       Alex Beeby
       Bethany Appleby