# EXHIBIT H

| | |
|---|---|
| **From:** | Appleby, Bethany |
| **To:** | Kanterman, Jason; Russell Taber; Joseph K Robinson; cburchette@lewisthomason.com; Stuart A Burkhalter; jhayes@lewisthomason.com; mking@painebickers.com; lcollins@painebickers.com; kosborne@painebickers.com; Leon, Norman M.; Sonia Miller-Van Oort; Alex Beeby; John Peterson |
| **Cc:** | Joseph Hubbard; Michael Malone; Shundra Crumpton Manning; Keats, Michael; Martin, Rebecca; jtarpley@lewisthomason.com; Elizabeth M Thomas; Pooja Bery; John Jacobson; Andie McKellar; Mykulak, George W.; Labukas, Jonathan P.; Mitchell, Nolan J.; McIntosh, Scott A.; Cordray, Madeline |
| **Subject:** | RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.) |
| **Date:** | Tuesday, August 20, 2024 5:22:34 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>PMA Objections to Loomis RFAs to PMA.pdf |

All,
We agree with the below, and further state that all Requests for Admission, Requests for Production, Interrogatories, subpoenas, and Notices of Deposition in this case are a nullity. Nonetheless, attached please find Premier Franchising Group, LLC's objections to the Requests for Admission purportedly served on it.

Thank you,

Bethany L Appleby
Of Counsel

T +1 617 406 6048
F +1 617 406 6148
M +1 203 623 7129
bethany.appleby@us.dlapiper.com

DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447

dlapiper.com

---

**From:** Kanterman, Jason <Jason.Kanterman@friedfrank.com>
**Sent:** Monday, August 12, 2024 2:34 PM
**To:** Russell Taber <RTaber@rjfirm.com>; Joseph K Robinson <jrobinson@rjfirm.com>; cburchette@lewisthomason.com; Stuart A Burkhalter <SBurkhalter@rjfirm.com>; jhayes@lewisthomason.com; mking@painebickers.com; lcollins@painebickers.com; kosborne@painebickers.com; Appleby, Bethany <Bethany.Appleby@us.dlapiper.com>; Leon, Norman M. <Norman.Leon@us.dlapiper.com>; soniamv@sapientialaw.com; alexb@sapientialaw.com
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson <john.peterson@polsinelli.com>; Michael Malone <MMalone@Polsinelli.com>; Shundra Crumpton Manning <scmanning@polsinelli.com>; Keats, Michael <Michael.Keats@friedfrank.com>; Martin, Rebecca <Rebecca.Martin@friedfrank.com>; jtarpley@lewisthomason.com; Elizabeth M Thomas <ethomas@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

⚠ EXTERNAL MESSAGE

Russell,

We respectfully disagree with your description of the federal court action, your characterization about the procedural posture of this case, and your understanding of the rights and responsibilities of the parties at this time.

As an initial matter, there is no "*Loomis* case[.]" Rather, there is a single federal court action styled *Anthony et al. v. Van Over et al.*, No. 3:22-cv-416 pending before Judge Atchley in the United States District Court for the Eastern District of Tennessee to which the Loomis Plaintiffs are parties. As you properly acknowledge, that case was stayed (and administratively closed) by Order of the Court dated September 27, 2023 (ECF No. 176). *See Anthony v. Van Over*, No. 3:22-CV-416, 2023 WL 6317685, at *7 (E.D. Tenn. Sept. 27, 2023) ("The Court STAYS this action pending the conclusion of arbitration."). There has been no subsequent Order entered lifting or modifying the stay (or the administrative closure) in any way since the Court's September 27, 2023 Order. Thus, the case remains stayed and Plaintiffs have no authority to pursue discovery at this time.

Plaintiffs' reference to the Court's statement that "should Plaintiffs succeed in their challenges to arbitration before the arbitrator, the impacted claims will return to this Court" does not alter the analysis or the outcome. First, it is not even clear that Plaintiffs have "succeeded in their challenges to arbitration before the arbitrator," particularly because the arbitrator characterized his order on the scope of arbitrability as "preliminary" and "subject to change based upon evidence in this proceeding . . . ." Loomis Order on Arbitrability at 13 n.5. Second, it remains wholly unclear whether any of the claims that have been temporarily excised from the Loomis arbitration (the ADA claims) involve the FastLane Defendants at all. Recognizing the myriad of issues that might arise, the arbitrator himself expressly encouraged the district court to maintain its stay over these proceedings pending resolution of the arbitration "[g]iven that the proof . . . is likely to be overlapping and this Order is preliminary, subject to change . . . ." *See* Loomis Order on Arbitrability at 13 n.5. Thus, even the arbitrator has suggested that continuing to stay proceedings before the district court is proper.

Furthermore, Plaintiffs incorrectly accuse the FastLane Defendants of being in default for having not yet filed an answer to Plaintiffs' Amended Complaint. Plaintiffs have not identified any authority suggesting that responsive pleadings must be filed despite the Court's entry of an Order staying and administratively closing this case. On the other hand, there is ample authority holding that all case deadlines—including responsive pleading deadlines—are suspended upon entry of a stay or administrative closure. *See, e.g.*, *McKay v. Krimmel*, No. 18-cv-2112, 2019 WL 1125650, at *3 (E.D. Pa. Mar. 11, 2019) ("As discussed *supra*, this case was placed in civil suspense status on June 4, 2018. Therefore, all deadlines in this case—including the defendants' obligation to answer the complaint—were stayed."); *Ee Meng Peh v. Keliher*, No. 2:16-cv-139, 2017 U.S. Dist. LEXIS 80733, *7 (S.D. Ga. May 25, 2017) ("until the stay is lifted, the parties are under no obligation to answer the Complaint, submit responsive pleadings, conduct a Rule 26(f) conference, or make any other filings in this case."); *see Thacker v. Colson*, No. 12-2784-JDB-EGB, 2012 WL 5288804, at *2 (W.D. Tenn. Oct. 23, 2012) ("The effect of an administrative closure is the same as a stay"). Thus, the FastLane

Defendants are under no obligation to file a response to Plaintiffs' Amended Complaint until this case is put back on the Court's active docket, until the stay is lifted, and until they are further ordered to do so by the Court.

Turning to the second paragraph of your email, Rule 26(d)(2) provides that any Rule 34 requests are "considered to have been served at the first Rule 26(f) conference[.]" But no Rule 26(f) conference has occurred and there is no need for such a conference to occur while this case is stayed and administratively closed. Indeed, Plaintiffs have not identified any authority suggesting that parties must expend valuable resources preparing for and attending a Rule 26(f) conference while a case is both stayed and administratively terminated and various courts have **refused** to impose such burdens. See, e.g., *Ee Meng Peh*, 2017 U.S. Dist. LEXIS 80733 at *7 ("until the stay is lifted, the parties are under no obligation to . . . conduct a Rule 26(f) conference"); *Shumans v. Satilla Rural Elec. Mbrshp.*, No. 2:22-cv-62, 2023 U.S. Dist. LEXIS 72916, *2 (S.D. Ga. Apr. 26, 2023) ("the Magistrate Judge correctly concluded it would be inappropriate to compel defendants to attend a Rule 26(f) conference when discovery deadlines have been stayed."). Consistent with this authority, we see no reason to proceed with a costly and unnecessary Rule 26(f) conference until the administrative closure and stay are lifted. Once both of those things have happened, the parties can revisit the scheduling of any such conference.

In light of the above, we renew our request that you withdraw all discovery served in this case by end of day.

**Jason S. Kanterman**
Associate
Jason.Kanterman@friedfrank.com | Tel: +1 212 859 8519

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: he/him/his

**From:** Russell Taber <RTaber@rjfirm.com>
**Sent:** Friday, August 9, 2024 12:19 PM
**To:** Kanterman, Jason <Jason.Kanterman@friedfrank.com>; Joseph K Robinson <jrobinson@rjfirm.com>; cburchette@lewisthomason.com; Stuart A Burkhalter <SBurkhalter@rjfirm.com>; jhayes@lewisthomason.com; mking@painebickers.com; lcollins@painebickers.com; kosborne@painebickers.com; bethany.appleby@us.dlapiper.com; norman.leon@us.dlapiper.com; soniamv@sapientialaw.com; alexb@sapientialaw.com
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson <john.peterson@polsinelli.com>; Michael Malone <MMalone@Polsinelli.com>; Shundra Crumpton Manning <scmanning@polsinelli.com>; Keats, Michael <Michael.Keats@friedfrank.com>; Martin, Rebecca <Rebecca.Martin@friedfrank.com>; jtarpley@lewisthomason.com; Elizabeth M Thomas <ethomas@rjfirm.com>

**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

[EXTERNAL]
Jason,

Thank you for your email. The *Loomis* case is not stayed. The Court's Order at Doc. 176 ruled: "a stay is more appropriate at this time – should Plaintiffs succeed in their challenges to arbitration before the arbitrator, the impacted claims will return to this Court." As you know, the *Loomis* arbitrator returned certain claims to that Court, and we filed a notice to that effect on July 15, 2024 (Doc. 214). Several Defendants answered on July 18. (Doc. 216). Your clients have recently submitted multiple filings, including at least one motion. Your clients, however, did not timely answer and are in default. Please let me know if your clients intend to file their answer within the next week.

With regard to discovery, Fed. R. Civ. P. 26(d)(2) permits early service of Rule 34 requests. This case has been pending for almost two years, and we are ready to conduct a Rule 26(f) conference at your convenience to the extent one has not yet occurred. I spoke with several of your co-counsel today in person. They did not wish to have a Rule 26(f) conference then or later today and did not commit to another time. Would Monday work for you? You have our written discovery, which should guide a number of the issues to be discussed then.

Thanks,

Russell


W. Russell Taber III
RILEY & JACOBSON, PLC
1906 West End Ave. | Nashville, TN | 37203
(615) 320-3700
rtaber@rjfirm.com

This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.

---

**From:** Kanterman, Jason <Jason.Kanterman@friedfrank.com>
**Sent:** Thursday, August 8, 2024 12:19 PM
**To:** Russell Taber <RTaber@rjfirm.com>; Joseph K Robinson <jrobinson@rjfirm.com>; cburchette@lewisthomason.com; Stuart A Burkhalter <SBurkhalter@rjfirm.com>; jhayes@lewisthomason.com; mking@painebickers.com; lcollins@painebickers.com; kosborne@painebickers.com; bethany.appleby@us.dlapiper.com; norman.leon@us.dlapiper.com; soniamv@sapientialaw.com; alexb@sapientialaw.com
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson

<[john.peterson@polsinelli.com](mailto:john.peterson@polsinelli.com)>; Michael Malone <[MMalone@Polsinelli.com](mailto:MMalone@Polsinelli.com)>; Shundra Crumpton Manning <[scmanning@polsinelli.com](mailto:scmanning@polsinelli.com)>; Keats, Michael <[Michael.Keats@friedfrank.com](mailto:Michael.Keats@friedfrank.com)>; Martin, Rebecca <[Rebecca.Martin@friedfrank.com](mailto:Rebecca.Martin@friedfrank.com)>; [jtarpley@lewisthomason.com](mailto:jtarpley@lewisthomason.com); Elizabeth M Thomas <[ethomas@rjfirm.com](mailto:ethomas@rjfirm.com)>; Kanterman, Jason <[Jason.Kanterman@friedfrank.com](mailto:Jason.Kanterman@friedfrank.com)>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

Russell,

We received the Loomis Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to Defendant Franchise FastLane, LLC in *Anthony v. Van Over*, No. 3:22-cv-416 (E.D. Tenn.) (the "Federal Court Action") and have also received copies of subpoenas issued under Stuart's signature in the Federal Court Action directed to non-parties Joshua Smith and Pete Gilfillan.

As an initial matter, and as you know, there has been no Rule 26(f) conference in this case, thus rendering both the written discovery requests and the subpoenas premature. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Moreover, this action is currently stayed by Order of the Court. *See Anthony v. Van Over*, No. 3:22-CV-416, 2023 WL 6317685, at *7 (E.D. Tenn. Sept. 27, 2023) ("The Court **STAYS** this action pending the conclusion of arbitration."). Plaintiffs' service of discovery in this matter before any Rule 26(f) conference and in violation of the stay directly violates both the Rules and the Court's September 27 Order and is unduly prejudicial to the FastLane Defendants' rights in this case. On these bases, we ask that you immediately withdraw both the written discovery requests and the subpoenas that you served. Please confirm that you will be withdrawing all such discovery no later than August 12, 2024. To the extent Plaintiffs refuse to withdraw their improperly served discovery, the FastLane Defendants reserve their right to seek additional relief from the Court.

Thanks,

**Jason S. Kanterman**
**Associate**
[Jason.Kanterman@friedfrank.com](mailto:Jason.Kanterman@friedfrank.com) |  Tel:  +1 212 859 8519

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
[friedfrank.com](http://friedfrank.com)

Pronouns: he/him/his

**From:** Russell Taber <[RTaber@rjfirm.com](mailto:RTaber@rjfirm.com)>
**Sent:** Tuesday, July 30, 2024 5:54 PM
**To:** Joseph K Robinson <[jrobinson@rjfirm.com](mailto:jrobinson@rjfirm.com)>; [cburchette@lewisthomason.com](mailto:cburchette@lewisthomason.com); Stuart A Burkhalter <[SBurkhalter@rjfirm.com](mailto:SBurkhalter@rjfirm.com)>; [jhayes@lewisthomason.com](mailto:jhayes@lewisthomason.com); [mking@painebickers.com](mailto:mking@painebickers.com); [lcollins@painebickers.com](mailto:lcollins@painebickers.com); [kosborne@painebickers.com](mailto:kosborne@painebickers.com); [bethany.appleby@us.dlapiper.com](mailto:bethany.appleby@us.dlapiper.com);

norman.leon@us.dlapiper.com; soniamv@sapientialaw.com; alexb@sapientialaw.com
**Cc:** Joseph Hubbard <joseph.hubbard@polsinelli.com>; John Peterson <john.peterson@polsinelli.com>; Michael Malone <MMalone@Polsinelli.com>; Shundra Crumpton Manning <scmanning@polsinelli.com>; Keats, Michael <Michael.Keats@friedfrank.com>; Martin, Rebecca <Rebecca.Martin@friedfrank.com>; Kanterman, Jason <Jason.Kanterman@friedfrank.com>; jtarpley@lewisthomason.com; Elizabeth M Thomas <ethomas@rjfirm.com>
**Subject:** RE: Loomis et al. v. Seebohm, et al., No. 3:22-cv-00416 (E.D. Tenn.)

[EXTERNAL]
Counsel,

Please see the attached written discovery to Defendant Franchise Fastlane, LLC. I will send Exhibit A in a separate email shortly. The attached FDD is Exhibit B.

Thanks,

Russell


W. Russell Taber III
**RILEY & JACOBSON, PLC**
1906 West End Ave. | Nashville, TN | 37203
(615) 320-3700
rtaber@rjfirm.com

This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.


The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy

all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.